IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40797-7-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 40806-0-III) |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MANUEL CARROSCO MENDOZA JR, | ) | |
| | ) | |
| Appellant. | ) | |

MURPHY, J. — In this consolidated appeal, Manuel Carrosco Mendoza Jr.

appeals from separate convictions for felony violation of a no-contact order—domestic

violence. Carrosco Mendoza argues he was denied due process when the trial court

proceeded to a stipulated facts bench trial without first holding a contested drug court

termination hearing. He asks this court to reverse the convictions and remand his case

for a full drug court termination hearing. The State concedes there was a due process

violation and agrees with the relief requested by Carrosco Mendoza. We accept the

State's concession, reverse the convictions and remand for further proceedings.

BACKGROUND

Because the parties agree on the underlying facts, we recite only those necessary

for resolution of this case. In January 2022, Carrosco Mendoza was charged in separate

causes of action with felony violation of a no-contact order—domestic violence. On

August 2, 2022, Carrosco Mendoza and the State entered into a drug court stipulation

and waiver agreement with the understanding that upon successful completion of the

program, the State would move for dismissal of the pending charges with prejudice.[1]

However, if Carrosco Mendoza was terminated for cause from the program, then the

charges would be adjudicated through a stipulated facts bench trial.

Despite some minor sanctions, Carrosco Mendoza generally enjoyed

approximately one and one-half years of success in the drug court program. But in

February 2023, Carrosco Mendoza missed three scheduled urinalysis (UA) tests and

was then arrested and charged with fourth degree assault. Carrosco Mendoza received

a 28-day termination notice and was informed on March 7 that (1) to be considered

for removal from termination certain conditions must be met, and (2) any violations

while on termination notice would likely result in termination for cause from drug court.

On April 4, the court conducted a hearing and informed Carrosco Mendoza that the

termination notice period ended and he was in good standing.

However, at a review hearing two weeks later, the court informed Carrosco

Mendoza that he was being terminated from drug court, commenting:

> I just don't think you're ready for this. You've collected some new charges.
> You've missed a UA. During the time that you were on termination notice,
> there was a dilute UA. We didn't find out about it until after, so that
> wouldn't have counted against you. But the day after missing a UA we just
> don't think you're ready for this program right now. So I'm terminating

---

[1] A drug court contract and order was entered on this same date.

you for cause from drug court. However, you still can participate in treatment. Merit resources are still open for you.

I'm still rooting for you. I think that you can move forward in this, but we just can't move forward in drug court. . . .

. . . .

So you need to be in touch with your attorney right away. And I'll be scheduling some hearings for you going forward from there as well.

Rep. of Proc. (Apr. 18, 2023) at 189-90. A standard termination order was entered that did not include specific findings. Carrosco Mendoza was not informed during the April 18 hearing or in the written order of his right to an evidentiary hearing to contest his termination from drug court.

At a hearing held on May 22, 2023, a second termination order was entered that included findings. Although the boilerplate language in the second termination order listed that a termination hearing took place, the parties agree it is unclear from the record that a termination hearing ever occurred.

Carrosco Mendoza's case proceeded in criminal court. At a hearing on June 12, 2023, defense counsel requested a continuance to resolve questions about the difference between a stipulated trial and a drug court termination hearing. The State represented to the trial court that Carrosco Mendoza was terminated from drug court for cause, but confirmed he had a right to contest that order. Carrosco Mendoza's counsel affirmatively answered that Carrosco Mendoza contested his termination from drug court and wanted a hearing. The trial court scheduled a contested termination hearing for June 30.

However, rather than proceed with the scheduled contested drug court termination hearing, for the next year a series of continuances were granted as the parties were negotiating a global plea deal for Carrosco Mendoza's various pending charges, including the two charged violations of a no-contact order. Confusingly, the various orders setting the case schedule inconsistently refer to the pending case hearings as stipulated trials, revocation hearings, and drug court termination hearings. In at least one hearing, the State represented that Carrosco Mendoza had been terminated from drug court, and a stipulated bench trial was pending. However, no specific mention of a drug court termination hearing was made during this time period. Instead, the hearing was continued as the parties negotiated how to proceed with the different charges.

A stipulated bench trial on the two charged violations of a no-contact order took place on October 8, 2024. Carrosco Mendoza was found guilty of both charges and sentenced to 60 months of confinement on each count, to run consecutively.

ANALYSIS

Carrosco Mendoza argues the trial court violated his procedural due process rights when he was terminated from drug court because, although he was informed of the reasons for termination and his right to a contested hearing, he was denied due process when an evidentiary hearing to contest the termination from drug court did not occur. The State concedes that there was a due process violation. We agree with the parties that

because a contested drug court termination hearing did not take place, and there are no findings in the record to establish that the State met its burden by a preponderance of the evidence in support of termination, Carrosco Mendoza's due process rights were violated.

Our federal and state constitutions guarantee a criminal defendant the right to due process of the law. U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3. Procedural due process requires an individual receive notice of the deprivation of a protected interest and a meaningful opportunity to be heard. *State v. Starkgraf*, 29 Wn. App. 2d 30, 45, 539 P.3d 855 (2023).

"Due process guarantees apply in drug court revocation proceedings." *State v. Harrison*, 24 Wn. App. 2d 40, 48, 519 P.3d 244 (2022). A defendant terminated from drug court has a right to an "'independent determination that the deferred prosecution agreement was violated, by a preponderance of the evidence with the burden of proof on the State.'" *Id.* at 49 (quoting *State v. Cassill-Skilton*, 122 Wn. App. 652, 656, 94 P.3d 407 (2004)). Drug court participants must be informed before or during the termination hearing of the specific reasons for termination. *Id.* at 50. Participants must also be informed of their right to an evidentiary hearing to contest the termination or the alleged violations that supported termination from drug court. *Id.* at 51. Unless there is a valid waiver of this evidentiary hearing, the trial court must hold a contested hearing to allow the participant to challenge the drug court's findings. *Id.* at 52.

Here, Carrosco Mendoza was denied due process when he was not given a meaningful opportunity to contest his termination from drug court. We can find no evidence in the record on review that Carrosco Mendoza waived his right to a hearing. Instead, the record indicates Carrosco Mendoza affirmatively requested a contested hearing. Although the trial court initially scheduled this hearing, a hearing ultimately did not take place. Carrosco Mendoza, therefore, was denied due process.

Accordingly, we reverse the convictions and remand for further proceedings. Because we grant the requested relief on the basis of a due process violation, we decline to address Carrosco Mendoza's alternative argument of ineffective assistance of counsel.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____     _____
Staab, A.C.J.                        Hill, J.

6